UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD SUNDAY IFILL, 88-A-9838,

          Plaintiff,

v.                                  **DECISION AND ORDER**
                                        03-CV-355S

GLENN GOORD, et al.,

          Defendants.

      1.      In this case, Plaintiff Richard Sunday Ifill, a former inmate at the Five Points Correctional Facility ("Five Points"), alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff seeks declaratory relief and damages pursuant to 42 U.S.C. §§ 1983, 1985, and 1986.

      2.      On July 23, 2004, this Court appointed counsel for Plaintiff, who had been proceeding *pro se* for over a year. Since his appointment, Plaintiff's counsel has filed an Amended Complaint, conducted discovery, and filed opposition to Defendants' Motions to Dismiss and for Summary Judgment.

      3.      By letter dated August 4, 2006, Plaintiff advised this Court that he is "dissatisfied with the representation of counsel." Plaintiff sought to have new counsel appointed and to file a *pro se* response to Defendants' Motion for Summary Judgment. After reviewing the record in this case, including the Amended Complaint, the memorandums, affidavits and other submissions filed in opposition to Defendants' Motions, this Court found that Plaintiff's counsel has diligently prosecuted this case. Accordingly, by Order entered on August 24, 2006, this Court denied Plaintiff's requests for appointment of new counsel and for permission to file a *pro se* response to Defendants' Motion for Summary Judgment. Thereafter, Plaintiff filed a Notice of Appeal to the Second Circuit

challenging this Court's decision to deny him new counsel. Plaintiff also filed the instant Motion for Reconsideration in this Court, as well as a letter motion seeking the same relief.

4.      As a preliminary matter, this Court notes that it retains jurisdiction over this case notwithstanding Plaintiff's appeal to the Second Circuit.  As a general rule, "the filing of a notice of appeal is a jurisdictional event inasmuch as it confers jurisdiction on the court of appeals and divests the district court of jurisdiction."  Hassett v. Goetzmann, 10 F. Supp. 2d 181, 187 (N.D.N.Y. 1998) (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 402, 74 L. Ed. 2d 225 (1982)).  However, where a party's notice of appeal is unauthorized, the district court maintains jurisdiction over the matter. See e.g., United States v. Rodgers, 101 F.3d 247, 252 (2d Cir. 1996) (stating "[w]e fail to see any efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on this court the power to do nothing but dismiss the appeal").

Except in limited circumstances, only final decisions of a district court may be appealed.  See 28 U.S.C. § 1291.  In the instant case, this Court's August 24, 2006 Decision and Order denying Plaintiff's request for new counsel was not a final decision. Moreover, this Court did not certify or authorize an interlocutory appeal on the matter. Because Plaintiff's appeal was improper, the court maintains jurisdiction over this action. See United States v. Salerno, 868 F.2d 524, 540 (2d Cir. 1989) (holding that a frivolous appeal from district court order denying the defendant's motion to dismiss did not divest the district court of its jurisdiction to proceed to trial); see also Webb v. GAF Corp., 78 F.3d 53, 55 (2d Cir. 1996) (holding that the district court retained the jurisdiction to grant a permanent injunction notwithstanding defendant's appeal from the district court's order

granting a preliminary injunction).  Accordingly, this Court will resolve Plaintiff's pending motions for reconsideration.

5. The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  Traditionally, courts treat such motions under the scope of Rule 59(e), which provides for alteration or amendment of a judgment as long as such motion is filed no later than ten days from the entry of the judgment.  See, e.g., Cray v. Nationwide Mut. Ins. Co., 192 F. Supp. 2d 37, 38 n.1 (W.D.N.Y. 2001).  Generally, Rule 59(e) permits reconsideration of a prior decision when there has been an intervening change in the law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice.  See Patterson-Stevens, Inc. v. International Union of Operating Eng'rs, 164 F.R.D. 4, 6 (W.D.N.Y. 1995); Cray, 192 F. Supp. 2d at 39 (collecting cases).

Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised prior to the decision.  Duane v. Spaulding & Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994).  It is well settled that the decision to grant a Rule 59(e) motion is within the sound discretion of the court.  See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983); see also New York v. Holiday Inns, Inc., No. 83-CV-564S, 1993 WL 30933, at *4 (W.D.N.Y. 1993) (Skretny, J.).

6. In the present case, Plaintiff has failed to draw this Court's attention to an intervening change in law, new evidence, or the existence of clear error or manifest injustice.  For this reason, Plaintiff's motions for reconsideration must be denied.

IT HEREBY IS ORDERED that Plaintiff's Motion for Reconsideration (Docket No. 109) is DENIED.

FURTHER that Plaintiff's letter motion seeking the same relief (Docket No. 106) is denied.

SO ORDERED.

Dated:     October 23, 2006
           Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
