UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD SUNDAY IFILL,

                Plaintiff,

v.                                      **DECISION AND ORDER**
                                            03-CV-355S

GLENN GOORD, et al.

                Defendants.

## I. INTRODUCTION

In this case, Plaintiff Richard Sunday Ifill, a former inmate at the Five Points Correctional Facility ("Five Points") alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff seeks declaratory relief and damages pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Presently before this Court is Defendants' Motion for Summary Judgment.[1] For the following reasons, Defendants' motion is granted and Plaintiff's Complaint is dismissed.

## II. BACKGROUND

**A. Procedural History**

Plaintiff filed his initial Complaint on May 1, 2003. (Docket No. 1). Plaintiff filed his most recent Amended Complaint on January 31, 2005. (Docket No. 63). On September

---

[1] In support of their Motion for Summary Judgment, Defendants filed the following documents: a memorandum of law, a Rule 56 Statement of Undisputed Facts, the Declaration of Trudy Thornton, the Declaration of Dr. William Goodman, the Declaration of Robert Macomber, the Declaration of Dr. Philip Yorke, the Declaration of William Lape, the Declaration of Stephen Woodward, and the Declaration of Stephen Gawlik. In opposition, Plaintiff filed an affidavit with supporting exhibits, a memorandum of law, and Statements of Disputed and Undisputed Facts.

1, 2005, this Court granted Defendants' Motion to Dismiss the third, fourth, fifth, and sixth causes of action from Plaintiff's Complaint. (Docket No. 75). Remaining in this action are Plaintiff's first and second causes of action, which pertain to Plaintiff's allegations that he was denied medications, denied the use of a wheelchair, and subjected to cruel conditions of confinement in the mental health and special housing units at Five Points Correctional Facility.

On May 1, 2006, Defendants moved for summary judgement on the remaining causes of action. (Docket No. 81). For the following reasons, Defendant's motion is granted and Plaintiff's Complaint is dismissed.

**B.     Facts**

Plaintiff is a former inmate of the Five Points Correctional Facility. The record indicates that when he arrived at Five Points, Plaintiff was receiving MS Contin and Percocet for pain as prescribed at his previous facility. (Defendants' Statement of Facts, Docket No. 82, ¶ 21). Both are narcotic drugs and are highly addictive. (Defendants' Statement of Facts, Docket No. 82, ¶¶ 22-23). Plaintiff continued to receive these medications until 2002, when another inmate was discovered selling MS Contin. (Defendants' Statement of Facts, Docket No. 82, ¶¶ 25-26). Because Plaintiff was the only inmate receiving MS Contin, Defendant Thornton discontinued the prescription pending review by Dr. Stornelli. (Defendants' Statement of Facts, Docket No. 82, ¶ 28). Dr. Stornelli discontinued Plaintiff's MS Contin prescription and directed that the Percocet be given to Plaintiff in a crushed form to discourage distribution. (Defendants' Statement of Facts, Docket No. 82, ¶¶ 29-30).

In August of 2002, Dr. Trabout re-prescribed MS Contin to Plaintiff, but determined

that the Percocet was not needed. (Defendants' Statement of Facts, Docket No. 82, ¶ 31). In October of 2002, plaintiff's blood was drawn to check if his morphine levels were consistent with someone who was taking MS Contin. (Defendants' Statement of Facts, Docket No. 82, ¶¶ 33-34). Plaintiff's blood test showed no trace of morphine, despite the fact that he was receiving six pills daily. (Defendants' Statement of Facts, Docket No. 82, ¶¶ 34). Following this blood test, Dr. Trabout concluded that Plaintiff was not taking the MS Contin, and discontinued his prescription. (Defendants' Statement of Facts, Docket No. 82, ¶¶ 35).

Dr. Gregoire, the Health Services Director at Five Points Correctional Facility, has examined Plaintiff several times, reviewed his medical chart, and interviewed employees who had regular contact with Plaintiff. (Gregoire Dec., ¶¶ 7-8). Each time Dr. Gregoire examined Plaintiff, he would complain of chronic pain and request to be put on narcotic pain medications. (Gregoire Dec., ¶¶ 6-7). Dr. Gregoire observed, however, that Plaintiff did not exhibit any objective symptoms of pain, and was able to complete his daily activities without significant discomfort. (Gregoire Dec., ¶¶ 7). Dr. Gregoire further concluded that Plaintiff did not require an egg-crate mattress or back brace, both of which Plaintiff had requested. (Gregoire Dec., ¶¶ 3, 10, 11).

At times during his placement at Five Points, Plaintiff was housed in the mental health unit and special housing unit after multiple suicide attempts. (Amended Complaint, Docket No. 63, ¶¶ 63, 73-74). Plaintiff has commenced this lawsuit, alleging that while housed in the special housing unit and mental health unit, he was subjected to cold temperatures and filthy conditions, deprived access to toiletries, and denied access to a wheelchair. (Amended Complaint, Docket No. 63, ¶¶ 62-68, 73-74).

## III.  DISCUSSION

**A.    Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003).  A fact is "material" if it "might affect the outcome of the suit under governing law."  Anderson, 477 U.S. at 248.  In a case where the non-moving party bears the ultimate burden of proof at trial, the movant may satisfy its burden by pointing to the absence of evidence supporting an essential element of the non-moving party's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

At this stage, the function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.  Thus, summary judgment is not appropriate if "there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." Ford, 316 F.3d at 354.

When deciding a motion for summary judgment, a court must view the evidence and the inferences drawn from the evidence "in the light most favorable to the party opposing the motion."  Addickes v. S.H. Kress and Co., 398 U.S. 144, 158-59, 90 S.Ct.1598, 1609,

26 L.Ed.2d 142 (1970).   However, the party against whom summary judgment is sought "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002). "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

**B.     Denial of Medical Treatment Claims**

Civil liability is imposed under 42 U.S.C. § 1983 only upon persons who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the Constitution and laws.  See 42 U.S.C. § 1983.  On its own, § 1983 does not provide a source of substantive rights, but rather, a method for vindicating federal rights conferred elsewhere in the federal statutes and Constitution.  See Graham v. Connor, 490 U.S. 386, 393-94,109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 145 n.3, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)).  Accordingly, as a threshold matter in reviewing claims brought pursuant to § 1983, it is necessary to precisely identify the constitutional violations alleged.  See Baker, 443 U.S. at 140.  Here, Plaintiff's denial of medical treatment claim is grounded in the Eighth Amendment.

The Eighth Amendment to the United States Constitution applies to the States through the Fourteenth Amendment, and "prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." Wilson v. Seiter, 501 U.S. 294, 297, 11 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991); U.S. Const. amend. VIII.  As such, prison conditions and the treatment prisoners receive while incarcerated are subject to scrutiny under the

Eighth Amendment. See DeShaney v. Winnebago County Dept. of Social Svcs., 489 U.S. 189, 199-200, 109 S.Ct. 998, 1005-1006, 103 L.Ed.2d 249 (1989). In addition, the Supreme Court has recognized that a prisoner's claim that he was intentionally denied medical treatment is cognizable under the Eighth Amendment and § 1983:

> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.
> . . .
> In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference that can offend evolving standards of decency in violation of the Eighth Amendment.

Estelle v. Gamble, 429 U.S. 97, 104, 106, 97 S.Ct. 285, 291, 292, 50 L.Ed.2d 25 (1976) (quotations and citations omitted).

"A claim of cruel and unusual punishment in violation of the Eighth Amendment has two components – one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect." Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000) (citing Hudson v. McMillian, 503 U.S. 1, 7-8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992); Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999)). With respect to a claim of deliberate indifference to a serious medical need, a prisoner must show that he suffered from a "sufficiently serious" medical condition, see Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998), and that the defendants acted with a "sufficiently culpable

state of mind," Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).

The subjective component "requires a showing that the defendant "had the necessary level of culpability, shown by actions characterized by 'wantonness' in light of the particular circumstances surrounding the challenged conduct." Sims, 230 F.3d at 21 (citations omitted). The objective component is "contextual and responsive to contemporary standards of decency." Id. (quoting Hudson, 503 U.S. at 8).

> "An official acts with the requisite deliberate indifference when he 'knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"

Brown v. Picarelli, No. 96 Civ. 1222, 2003 WL 1906180, at *6 (S.D.N.Y. Apr. 15, 2003) (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994)).

**C.     Plaintiff's Denial of Medical Treatment Claim**

In his Complaint, Plaintiff alleges that Defendants deprived him of narcotic pain medication, the use of his wheelchair, a back brace, and an egg crate mattress in deliberate indifferent to his serious medical needs. (Amended Complaint, Docket No. 63, ¶¶ 84-91). Plaintiff claims that Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment to the Constitution. As to Plaintiff's denial of medication claim, Defendants contend that the decision to discontinue Plaintiff's narcotic pain medications was made by multiple treating physicians, each of whom concluded that Plaintiff's condition did not require narcotic pain medication.

Viewing the facts in Plaintiff's favor, this Court finds that Plaintiff has failed to demonstrate a genuine issue of fact as to whether Defendants were deliberately indifferent

to his serious medical needs.

Plaintiff alleges that he requires narcotic pain medication to treat his chronic neck and back pain. (Plaintiff's Statement of Facts, Docket No. 100, ¶ 9). Plaintiff was prescribed narcotic pain medication by physicians at other correctional facilities. (Plaintiff's Statement of Facts, Docket No. 100, ¶ 8). Dr. Gregoire examined Plaintiff on several occasions, reviewed his medical records, and spoke with corrections employees who observed Plaintiff's daily activites. Dr. Gregoire found that Plaintiff did not exhibit any objective symptoms of pain and denied Plaintiff's request for narcotic pain medication. Plaintiff has not provided evidence that would create a genuine question of fact as to the conclusions of Dr. Gregoire that Plaintiff did not require narcotic pain medication.

The Second Circuit has explained that "mere disagreement over the proper treatment does not create a constitutional claim." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998). To support an Eight Amendment violation, a plaintiff must demonstrate deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104, 106, 97 S.Ct. 285, 291, 292, 50 L.Ed.2d 25 (1976).

Here, Plaintiff has alleged no more than "mere disagreement" over Defendants' decision to deny him narcotic pain medication. He has failed to demonstrate a genuine issue of fact as to whether Defendants were deliberately indifferent to his medical needs in denying him narcotic pain medications or other medical treatment. Moreover, the record contradicts Plaintiff's claims that he suffers from serious pain that would necessitate narcotic pain medications. This Court finds, therefore, that Defendants are entitled to summary judgment on Plaintiff's claims that they denied him medication despite his serious medical needs.

Similarly, as to Plaintiff's claims that Defendants deprived him of a back brace and an egg-crate mattress, this Court finds that Plaintiff has failed to show a genuine question of fact as to whether there was a medical necessity.  Defendants have submitted the testimony of Dr. Gregoire, who repeatedly reviewed Plaintiff's requests for these items, and determined that they were not medically necessary. (Gregoire Dec., ¶¶ 3, 10, 11).  Dr, Gregoire indicated that an egg-crate mattress was unnecessary because Plaintiff was at a low risk for bed sores.  (Gregoire Dec., ¶ 10).  Additionally, Dr. Gregoire stated that a back brace was not appropriate for Plaintiff's condition and could be detrimental. (Gregoire Dec., ¶ 11).  Plaintiff has failed to submit evidence that would create a question of fact as to whether an egg-crate mattress or back brace were medically necessary.  Plaintiff's disagreement with Dr. Gregoire's medical determination cannot alone support a constitutional claim.  See Chance, 143 F.3d at 703.  This Court therefore will grant Defendants' motion for summary judgment as to Plaintiff's claims that they denied Plaintiff a back-brace and egg-crate mattress despite his serious medical needs.

Because Plaintiff has failed to show a genuine question of fact that he was denied medical treatment by Defendants in deliberate indifference to his serious medical needs, this Court will grant Defendants' Motion for Summary Judgment on Plaintiff's denial of medical treatment claim.

**D.    Plaintiff's Conditions of Confinement Claim**

In his Complaint, Plaintiff alleges that he was subjected to cruel and unusual punishment while confined in the special housing unit and while housed in an observation cell in the mental health unit.  Plaintiff was housed in the mental health unit and special housing unit after multiple suicide attempts and an incident where he set his cell on fire.

9

(Amended Complaint, Docket No. 63, ¶¶ 63, 73-74). Plaintiff alleges that he was subjected to cold temperatures and filthy conditions, and deprived access to toiletries. (Amended Complaint, Docket No. 63, ¶¶ 62-68, 73-74). Defendants have moved for summary judgment on the ground that Plaintiff has failed to demonstrate facts that rise to the level an Eighth Amendment violation.

In order to establish an Eighth Amendment "conditions of confinement" claim, the plaintiff must establish a "sufficiently serious deprivation of a basic human need." Williams v. Goord, 142 F. Supp. 2d 416, 425 (S.D.N.Y. 2001) (citing Wilson v. Seiter, 501 U.S. 294, 303-04. 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)). "[A] prisoner must show 'extreme deprivations,' '[b]ecause routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" Sims, 230 F.3d at 21 (quoting Hudson, 503 U.S. at 9); see also Blyden, 186 F.3d at 263 (holding that "[b]ecause society does not expect or intend prison conditions to be comfortable, only extreme deprivations are sufficient to sustain a 'conditions-of-confinement' claim."). Conditions of confinement only violate the Eighth Amendment when "they result 'in unquestioned and serious deprivations of basic human needs' or 'deprive inmates of the minimal civilized measure of life's necessities.'" Anderson v, Coughlin, 757 F.2d 33, 34-35 (2d Cir. 1985) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)).

This Court finds that Plaintiff has not demonstrated the existence of a genuine issue of fact regarding his Eighth Amendment claim. Accepting Plaintiff's supported allegations regarding the conditions of his confinement as true, this Court finds that he was not subjected to conditions of confinement that would rise to the level of a constitutional violation. See, e.g., Jones v. Bishop, 981 F.Supp. 290, 294 (S.D.N.Y. 1997) (455 days in

SHU in the cold is insufficient to state an Eighth Amendment claim); Warren v. Irvin, 985 F.Supp. 350, 357 (W.D.N.Y. 1997) (ordinary deprivations claimed during 161 days in SHU "are not sufficiently serious to constitute cruel and unusual punishment under the Eighth Amendment"). Plaintiff has failed to show a genuine issue of fact that Defendants acted with wantonness or that Plaintiff suffered a serious deprivation of his basic human needs. As such, this Court finds that Defendants are entitled to summary judgment on Plaintiff's conditions of confinement claim.

**E.     Plaintiff's Denial of Wheelchair Claim**

Plaintiff further claims that Defendants violated his Eighth Amendment rights by denying him the use of his wheelchair while he was housed at the special housing unit. Defendants contend on summary judgment that Plaintiff has failed to demonstrate a genuine issue of fact as to whether his wheelchair was medically necessary.

Defendants concede that Plaintiff was not allowed access to his wheelchair during an approximately two-month period between November 11, 2002, and January 7, 2003, while he was housed in the special housing unit. (Macomber Dec., ¶¶ 5-6). Defendants state that the decision not to allow Plaintiff access to a wheelchair was made by Robert Macomber, Plaintiff's physician's assistant. (Macomber Dec., ¶¶ 5-6). Macomber determined that Plaintiff did not require a wheelchair after learning that Plaintiff had been able to walk about his cell without assistance while housed at the infirmary and the mental health unit. (Macomber Dec., ¶¶ 5-7). Macomber concluded that Plaintiff did not require use of the wheelchair unless he had to travel more than 100 feet. (Macomber Dec., ¶¶ 5-7). Plaintiff contends that he has been unable to walk without the use of his wheelchair since "sometime" in 2003. (Plaintiff's Statement of Facts, Docket No. 100, ¶ 6).

11

This Court finds that Plaintiff has failed to demonstrate a genuine question of fact regarding the medical necessity of his wheelchair while he was housed in the special housing unit. The record supports Defendants' contention that Plaintiff did not need the wheelchair to move about his cell. Plaintiff has failed to produce evidence that would rebut this contention or demonstrate the existence of a genuine issue of fact as to whether the wheelchair was medically necessary. Accordingly, this Court will grant Defendant's Motion for Summary Judgment on Plaintiff's denial of wheelchair claim.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion for Summary Judgment (Docket No. 81) is GRANTED in its entirety.

FURTHER, that the Clerk of the Court is directed to take the steps necessary to close this case.

SO ORDERED.

Dated: September 27, 2007
        Buffalo, New York

                                /s/William M. Skretny
                                WILLIAM M. SKRETNY
                                United States District Judge