UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DR. RICHARD SUNDAY IFILL,

    Plaintiff,

    -v-

WILLIAM LAPE, First Deputy Superintendent, et al.,

    Defendants.

**DECISION and ORDER**
03-CV-0355S(F)

---

1. On August 14, 2010, the Court granted that part of plaintiff's *pro se* motion (Docket No. 127) seeking to have his court-appointed counsel relieved as counsel but reserved on that part of the plaintiff's motion seeking to have appellate counsel, Jonathan Romberg, appointed to represent him in this action before this Court, until such time as the Court had the opportunity to ascertain Mr. Romberg's willingness to represent plaintiff. . (Docket No. 128).

2. The Court has now ascertained that Mr. Romberg cannot accept a *pro bono* assignment because the Seton Hall Law School, Center for Social Justice only accepts *pro bono* Circuit Court appeals and because Mr. Romberg is neither admitted to practice before this Court nor does he have an office for the practice of law in this District. *See* Loc.R.Civ.P., Rule 83.1(g).

3. United State Magistrate Judge Leslie G. Foschio, to whom this matter had been referred, determined previously that the appointment of *pro bono* counsel was warranted in this matter. (Docket No. 58). The Court is required to see that all litigants receive proper representation of counsel under the criteria set forth in *Cooper v. A.*

*Sargenti Co.*, 877 F.2d 170 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). In addition, courts have the inherent authority to assign counsel to represent private indigent litigants. See *In re Smiley*, 36 N.Y.2d 433, 438 (1975).

More importantly, each lawyer — especially those who are admitted to practice in federal court and who therefore are in a position to reap the benefits of such practice — has an ethical obligation under the Code of Professional Responsibility to provide *pro bono* services for the poor. New York Code of Professional Responsibility, Canon 2, EC 2-16; EC 2-25. "Every lawyer, regardless of professional prominence or professional workload, should find time to participate in serving the disadvantaged." EC 2-25. In addition, Rule 83.1(g) of the Local Rules of Civil Procedure provides as follows:

> Every member of the bar of this Court shall be available upon the Court's request for appointment to represent or assist in the representation of indigent parties. Appointments under this rule shall be made in a manner such that no attorney shall be requested to accept more than one appointment during any twelve month period.

IT IS HEREBY ORDERED that Marissa Coheley, Esq. of, Jaeckle, Fleischmann & Mugel, LLP, 12 Fountain Plaza, Buffalo, New York 14202, is appointed, *pro bono*, to faithfully and diligently represent plaintiff in this case.

FURTHER, that the Clerk of the Court is directed to copy that portion of the file in this matter that is not currently available through PACER on the Court's Case Management/Electronic Case Management System and send it to Ms. Coheley, together with a copy of this order and the Guidelines Governing Reimbursement from the District

Court Fund of Expenses Incurred by Court Appointed Counsel.[1] The Chief Judge of the Court will also issue an Order directing PACER to waive its fees so pro bono counsel can access and print at no cost to him or his firm any other documents filed herein that he may need.

Further, that counsel for the parties are to appear before the undersigned on October 5, 2010 at 9:00 a.m. for a status conference to discuss further proceedings in the case.

SO ORDERED

Dated: 9/9, 2010
Buffalo, New York

WILLIAM M. SKRETNY
Chief Judge
United States District Court

---

[1] This information and the forms are also available on the Court's web site at the Attorney Information link from the home page located at: http://www.nywd.uscourts.gov/document/fundreimbvoweb.pdf.